UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

KEVIN RAWLS,
    Plaintiff,

v.                                                        CASE NO.:

MIAMI-DADE COUNTY, a political subdivision
Of the State of Florida
MIAMI-DADE CORRECTIONS AND
REHABILITATION, a governmental entity,
CONRAD GREAVES JR., in his individual capacity
ANTHONY WRIGHT, in his individual capacity.
    Defendants.
_____/

## COMPLAINT

Plaintiff, KEVIN RAWLS (hereinafter "RAWLS"), by and through the undersigned counsel, hereby sues Defendants, Miami-Dade County (hereinafter, "MDC"), Miami-Dade Corrections and Rehabilitation (hereinafter, "MDCR"), Conrad Greaves, Jr. (hereinafter, "GREAVES") and Anthony Wright (hereinafter, "WRIGHT"), and alleges:

**Jurisdiction, Venue, and Parties**

1. This is an action for damages in excess of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest, attorney's fees, and costs.

2. Plaintiff RAWLS is an individual currently residing in Jasper, Florida, who was a resident of Miami-Dade County at all times material to this Complaint, and is otherwise *sui juris*.

3. Defendant MDC was and is a legal entity and political subdivision of the State of Florida.

4. Defendant MDCR is a governmental subdivision of Defendant MDC, and is the principal governmental entity entrusted with housing and providing for those individuals who have

1

been arrested and are either awaiting a trial of their criminal charges or are serving a jail sentence for their criminal charges for crimes occurring in Miami-Dade County.

5. Defendants MDCR and MDC are governmental entities which are otherwise *sui juris*, pursuant to F.S. 768.28.

6. Plaintiff RAWLS has complied with all pre-suit conditions precedent, including pre-suit notice requirements under F.S. 768.28. A copy of the letters sent to MDCR and MDC are attached hereto as **Exhibit "A"**. MDC acknowledged receipt of the same on June 16, 2022.

7. The Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 42 U.S.C. § 1983. Mr. Rawls also requests this Court to exercise supplemental jurisdiction over his state law claim against the Defendnants pursuant to 28 U.S.C. § 1367(a) because it arises out of the same operative nucleus of facts.

8. Venue is proper in Miami-Dade County, Florida, as the cause(s) of action accrued in such county.

## General Allegations Common to All Counts

9. On or about October 3, 2009 through December 11, 2019, Plaintiff RAWLS was being housed at various facilities owned and operated by MDC, including the MDC Department of Corrections Pretrial Detention Center (hereinafter, "DOC-PTDC"), the MDC Department of corrections Turner Guilford Kinght Correctional Center (hereinafter, "DOC-TGK") and/or the MDC Department of Corrections Metro West Detention Center (hereinafter, "DOC-MW") (collectively, hereafter, the "MDCR Facilities") while awaiting to fight criminal charges in Miami-Dade County Case F09-32626B (a case in which RAWLS was ultimately acquitted).

10. While the charges in case F09-32626B were pending, and while serving his sentence under case F10-361, the Defendant was being held without bond. As such, he was forced to remain in custody at the MDCR Facilities from October 3, 2009 through December 11, 2019.

11. On or about January 8, 2019, RAWLS was specifically housed in the DOC-PTDC.

12. As such, RAWLS was under the direct care and control of Defendants MDC and MDCR, and their agents, including but not limited to Defendants GREAVES and WRIGHT.

13. Because RAWLS was under their direct care and control, Defendants MDC, MDCR, GREAVES, and WRIGHT owed a duty to Plaintiff to provide for his health, safety, and well being while he was under their exclusive care and control.

14. Likewise, Defendants MDC and MDCR owed a duty to Plaintiff to employ individuals who would provide for the health, safety, and well being of the inmates under their control, and who would not use excessive force in dealing with and/or handling inmates within their custody and control.

15. On or about January 8, 2019, at approximately 11:33 am, Kevin Rawls was inside of safety cell 306, minding his own business.

16. At approximately 11:38 am, surveillance video demonstrates that Defendant WRIGHT unlocked the iron bar cell door to safety cell 306 and entered the cell. Defendant WRIGHT was accompanied by Defendant GREAVES.

17. Upon entering the cell, Defendant WRIGHT tells RAWLS that he needed RAWLS to move the legal box located within the cell "right now" to a storage location down the corridor. Defendant WRIGHT did not explain why it needed to be done, why it needed to be done in that instant, or why Mr. RAWLS – who was in the process of analyzing the legal documents – could not be permitted to continue doing so.

18. At approximately 11:38am, surveillance video demonstrates that Defendant WRIGHT abruptly grabbed the box of Mr. Rawls legal documents.

19. This box contained legal documents necessary for Mr. Rawls' defense in his pending cases.

20. At approximately 11:38am, Mr. Rawls can be seen complaining about Defendant WRIGHT's treatment of his necessary legal documents, and grabbing toward the box.

21. At this time, video surveillance demonstrates that Defendant WRIGHT initiated a physical altercation with RAWLS, pushing his head backwards towards the shower area and threatening RAWLS that he would "woop [his] ass."

22. RAWLS was again ordered to pick up and remove the box of legal documents without any explanation or cause.

23. At 11:39am, RAWLS can be seen on video, complying with the order, and moving the box to a nearby closet at the request of GREAVES and WRIGHT.

24. Notably, this closet is one of a few areas within MDC-PTDC that does not have any cameras, a fact clearly known to MDC, MDCR, GREAVES and WRIGHT. As such, it would be impossible to see into that closet without being physically present.

25. After entering the closet and placing the box of legal documents on the shelf – as requested by WRIGHT and GREAVES – Defendant GREAVES stood at the threshold of the door, blocking both the view of the interior of the closet as well as Mr. Rawls' exit from the enclosed space.

26. Once the public view was obstructed by Defendant GREAVES, Defendant WRIGHT proceeded to attack RAWLS by punching him in the face repeatedly for several minutes.

During this altercation, Mr. RAWLS tried to defend himself, including biting at Defendant WRIGHT to get WRIGHT off of him while Defendant GREAVES blocked any means of retreat.

27. As RAWLS continued to be punched by WRIGHT, Plaintiff RAWLS repeatedly asked Defendant GREAVES to make it stop.

28. Notwithstanding RAWLS' pleas, Defendant GREAVES did nothing to intervene other than to continue guarding the door of the closet to prevent the attack from being seen and to prevent Mr. Rawls' exit from the enclosed space.

29. During the course of the incident, the Defendant suffered numerous severe physical injuries including a periorbital hematoma, ecchymosis, epistaxis and edema of the nasal cavity and facies, epidermal lacerations and abrasions and hemorrhages, numerous contusions as well as further injury to a hand broken by other corrections officers a few months prior to this incident.

30. Following this incident, Defendants WRIGHT and GREAVES took plaintiff RAWLS back to his cell, forced him to get his "purge bag", and brought him back to the closet to use the contents of the purge bag to clean up the blood that was all over the interior of the closet.

31. Following the cleaning, Defendants WRIGHT and GREAVES forced Plaintiff RAWLS to take a shower to shower off any blood and/or evidence on his person. RAWLS was then secured back in his safety cell.

32. Following the return of RAWLS to the safety cell, Defendants WRIGHT and GREAVES, along with other MDCR employees, assisted Defendant WRIGHT in (a) having WRIGHT's vehicle moved to the outer gate door with the door open, (b) covering his face with a MDCR Jacket, and (c) gaining access to a seldom used and difficult to access hallway/staircase, to ensure that Defendant WRIGHT was not captured on video.

33. Upon information and belief, following the use of excessive force, Defendants WRIGHT and GREAVES never drafted or filed any use of force reports, or other internal MDCR reports, to explain why excessive force was used against RAWLS. Nor did they permit RAWLS to obtain medical attention for his injuries.

34. This was not the only time that Mr. Rawls was subjected to excessive force by MDCR and its Staff. On one specific prior occasion, MDCR staff broke Mr. Rawls arm.

35. During the course of his stay in the MDCR Facilities, Mr. Rawls was subjected to this mistreatment and excessive force regularly until the time of his departure on December 11, 2019.

36. Plaintiff RAWLS has complied with all conditions precedent necessary to the maintenance of this action.

37. Plaintiff RAWLS has suffered tremendously because of this incident, including pain and suffering, mental anguish, emotional distress, and legal fees which are on-going and continuous. Plaintiff RAWLS has retained the undersigned attorneys and has agreed to pay a reasonable fee for their services.

## COUNT I
### Deprivation of Civil Rights – Eighth Amendment – Excessive Force
### (MDC, MDCR, WRIGHT, GREAVES)

38. Plaintiff RAWLS reaffirms and realleges the allegations contained in Paragraphs 8 through 36, above, as though fully set forth herein and further alleges as follows:

39. This action is brought by Mr. Rawls pursuant to Title 42, United States Code, Section 1983, for the deprivation of his civil rights cause by MDCR, and its officers, WRIGHT and GREAVES (collectively, the Officers).

40. The Defendants intentionally committed an act that violated Mr. Rawls Eighth Amendment right to be free from excessive force while in custody serving a sentence and/or while in custody awaiting trial on one of his cases.

41. The amount of force used against Mr. Rawls by the Officers was unreasonable and excessive under the circumstances.

42. The Officers' conduct caused injury to Mr. Rawls.

43. The Officers were acting under color of state law as corrections officers when they committed such acts.

44. Plaintiff RAWLS has been damaged in a sum in excess of $75,000.00 by the actions of MDC, MDCR, and its Officers.

WHEREFORE, Plaintiff, KEVIN RAWLS, respectfully demands judgment in his favor and against the Defendants; awarding the Plaintiff damages together with pre-judgment interest, attorney's fees, and costs; and granting any further relief the Court deems just and proper.

**COUNT II**
**Negligence**
**(MDC, MDCR, WRIGHT, GREAVES)**

45. Plaintiff RAWLS reaffirms and realleges the allegations contained in Paragraphs 8 through 36, above, as though fully set forth herein and further alleges as follows:

46. During the course of RAWLS time in custody, MDC and MDCR had a duty to exercise due care to ensure the health, safety, and well-being of inmates in its custody, including RAWLS.

47. MDC and MDCR negligently breached its duty to RAWLS when officers WRIGHT and GREAVES engaged in using excessive force against Mr. Rawls as detailed herein.

48. MDCR further negligently breached its duty to RAWLS when, after the use of excessive force (which was known to the Defendants as well as numerous other corrections officers), the Defendants failed to provide Mr. Rawls with immediate medical attention to address his injuries.

49. As a direct, foreseeable, and proximate result of MDC and MDCR's negligence, Mr. Rawls suffered physical injuries.

50. Additionally, Mr. Rawls has suffered tremendously because of this incident, including pain and suffering, mental anguish, emotional distress, and legal fees which are on-going and continuous. As a result of MDCR's actions, Mr. Rawls has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, KEVIN RAWLS, respectfully demands judgment in his favor and against the Defendants; awarding the Plaintiff damages together with pre-judgment interest, attorney's fees, and costs; and granting any further relief the Court deems just and proper.

**COUNT III**
**Negligent Retention**
**(MDC, MDCR)**

51. Plaintiff RAWLS reaffirms and realleges the allegations contained in Paragraphs 8 through 36, and 39 through 42 above, as though fully set forth herein and further alleges as follows:

52. This is a cause of action for negligent retention against Defendants MDC and MDCR.

53. During the course of RAWLS' time in the custody of MDC and MDCR, Defendants MDC and MDCR had a duty to exercise due care to ensure the health, safety, and well-being of inmates in its custody, including RAWLS himself.

54. Likewise, MDCR and MDC owe a duty to all persons in their custody to maintain, staff, and supervise Departmental activities, including ensuring that all individuals responsible for

maintaining the health, safety, and well-being of inmates treat inmates with dignity, respect, and do not violate inmates' constitutional rights.

55. Both MDC and MDCR owe a duty to all inmates – including RAWLS – to properly train, hire, and supervise those employed with MDCR by properly training and teaching employees how to handle inmates in a manner which comports with both departmental policy and each inmates' constitutional rights.

56. Furthermore, MDC and MDCR owe a duty to those in their care – including RAWLS – to make an appropriate investigation of employees to ensure that said employees are (a) following department procedures, (b) not taking any actions which violate the rights of the inmates, and (c) are not known or reasonably anticipated to use excessive force against inmates in their custody.

57. Upon information and belief, had MDC and MDCR conducted such an investigation into their employees to ensure their fitness to be supervising inmates at the MDCR facilities, the appropriate investigation would have revealed the unsuitability of both Defendants GREAVES and WRIGHT for the particular duties they performed and/or for employment in general.

58. Upon information and belief, had MDC and MDCR conducted such an investigation into Defendants WRIGHT and GREAVES, they would have learned of the harmful propensities of both employees, including both Defendants' proclivity for using excessive force against inmates.

59. Upon information and belief, MDC and MDCR knew, or should have known, that Defendants WRIGHT and GREAVES not only had the propensity to use excessive force, but that they had used such excessive force against inmates in the past causing serious injury.

60. It was both unreasonable and negligent for MDC and MDCR to continue employing both WRIGHT and GREAVES in light of the information that they knew or should have known.

61. This failure to investigate the unsuitability of both WRIGHT and GREAVES for continued employment with MDCR, particularly in light of the information available to them, created a foreseeable risk that WRIGHT and/or GREAVES would take actions which put those under their care at risk of injury or violation of constitutional rights.

62. This failure to investigate the unsuitability of both WRIGHT and GREAVES was a breach of the duty owed to Plaintiff RAWLS. Notwithstanding such failure to investigate, upon information and belief, Defendants MDC and MDCR had information available to them which should have put them on notice of the propensities of WRIGHT and GREAVES to use excessive force and risk the lives and wellbeing of the inmates they were employed to protect.

63. The Defendants' negligent retention of the Officers was the proximate cause of RAWLS injuries when both WRIGHT and GREAVES used excessive force against RAWLS, as detailed above.

64. As a direct, foreseeable, and proximate result of MDC and MDCR's negligence in retaining WRIGHT and GREAVES as employees, Mr. Rawls suffered physical injuries.

65. Additionally, Mr. Rawls has suffered tremendously because of this incident, including pain and suffering, mental anguish, emotional distress, and legal fees which are on-going and continuous. As a result of MDC and MDCR's actions, Mr. Rawls has suffered and continues to suffer damages.

WHEREFORE, Plaintiff, KEVIN RAWLS, respectfully demands judgment in his favor and against the Defendants; awarding the Plaintiff damages together with pre-judgment interest, attorney's fees, and costs; and granting any further relief the Court deems just and proper.

**COUNT IV**
**Negligent Infliction of Emotional Distress**
**(MDC, MDCR, WRIGHT, GREAVES)**

66. Plaintiff RAWLS reaffirms and realleges the allegations contained in Paragraphs 8 through 36, and 39 through 42 above, as though fully set forth herein, and further alleges as follows:

67. As detailed herein, MDC and MDCR, through its officers WRIGHT and GREAVES, mistreated Plaintiff RAWLS and used excessive force against RAWLS on January 8, 2019 and at other times that RAWLS was in the custody of MDC and MDCR, as more fully detailed above.

68. In their use of excessive force, Defendants caused Mr. Rawls to incur numerous physical impacts (physical blows to his face and body) which caused both physical and emotional distress as a result.

69. As a direct, foreseeable, and proximate result of MDC and MDCR's negligence – including but not limited to (i) Officers WRIGHT and GREAVES use of excessive force against Rawls, (ii) subsequently forcing him to "clean up" the evidence and covering up the incident, and (iii) when, after the use of excessive force (which was known to the Defendants as well as numerous other corrections officers), the Defendants failed to provide Mr. Rawls with immediate medical attention to address his injuries – Mr. Rawls suffered physical injuries.

70. As a direct, foreseeable, and proximate result of the negligent acts above, Plaintiff RAWLS has also suffered severe and substantial emotional distress and mental anguish which reasonably resulted from the circumstances giving rise to the aforementioned physical injuries.

71. Since the January 8, 2019 incident, Rawls has continued to endure near constant pain and suffering, mental anguish, and emotional distress.

72. Mr. Rawls has suffered and continues to suffer damages caused by the Defendants' negligent actions and the emotional distress resulting from the unprovoked and unwarranted excessive force used by Officers WRIGHT and GREAVES.

WHEREFORE, Plaintiff, KEVIN RAWLS, respectfully demands judgment in his favor and against the Defendants; awarding the Plaintiff damages together with pre-judgment interest, attorney's fees, and costs; and granting any further relief the Court deems just and proper.

## COUNT V
### Conspiracy to Deprive Plaintiff of his Civil Rights
### (MDC, MDCR, WRIGHT, GREAVES)

73. Plaintiff RAWLS reaffirms and realleges the allegations contained in Paragraphs 8 through 36, and 39 through 42 above, as though fully set forth herein, and further alleges as follows:

74. The Defendants conspired to deprive Mr. Rawls of his civil rights.

75. Officers WRIGHT, GREAVES, and other officers known to MDCR and MDC, agreed and conspired to deny Plaintiff RAWLS his civil rights under color of state law, insofar as they agreed to enter RAWLS' cell unannounced, pull him outside of the cell to a closet where there were no video cameras, and subsequently use excessive force against Plaintiff RAWLS for no apparent reason when Plaintiff RAWLS was in their care, custody, and control, and when they were supposed to be ensuring the health, safety, and wellbeing of RAWLS.

76. The Defendants further agreed and conspired to deny Plaintiff RAWLS his civil rights under color of state law insofar as WRIGHT, GREAVES, and other officers known to MDCR and MDC took the following overt steps toward the conspiracy: (a) assisting Officers WRIGHT and GREAVES in cleaning up the closet where the incident occurred; (b) destroying evidence from the January 8, 2019 incident as a result of cleaning the scene; (c) assisting Officers

WRIGHT and/or GREAVES in leaving the scene of the incident without alerting or notifying superior officers within the MDCR and MDC system; (d) having unnamed coconspirators – known to MDCR and MDC – use special access keys and cards to assist Officer WRIGHT leaving the scene; (e) having unnamed coconspirators known to MDC and MDCR drive Officer WRIGHTS vehicle to the side of the building and leaving the engine on and the doors open so Officer WRIGHT could make a quick escape from the scene without being observed; (f) by continuing to remain silent about the incident involving Plaintiff RAWLS, despite learning about the incident after the fact; and (g) by not assisting Mr. Rawls to obtain the appropriate medical care. Moreover, the Defendants further acted in furtherance of the conspiracy by officers failing to, or refusing to, go to the aid of RAWLS while excessive force was being used by WRIGHT and GREAVES, despite knowing what was occurring in the closed closet and enabling WRIGHT and GREAVES to continue their use of excessive force uninterrupted.

77. As a direct and proximate result of both the conspiracies and the overt acts detailed above, Plaintiff RAWLS has been damaged both physically, and mentally. He suffered significant physical injuries as a result of the excessive force used against him, and suffered severe and substantial emotional distress and mental anguish as a result of the excessive force, his being forced to clean up the evidence, and his lack of medical attention following the incident.

WHEREFORE, Plaintiff, KEVIN RAWLS, respectfully demands judgment in his favor and against the Defendants; awarding the Plaintiff damages together with pre-judgment interest, attorney's fees, and costs; and granting any further relief the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Mr. Rawls demands a jury trial of all issues so triable as of right by a jury.

**Dated: January 9, 2023**              Respectfully submitted,

By: */s/ Sean T. Marcus*
Sean T. Marcus, Esq.
*Attorney for Plaintiff*
Florida Bar No. 56289
sean@seanmarcuslaw.com
THE LAW OFFICES OF SEAN MARCUS, PLLC
7600 W. 20th Avenue, Suite 220
Hialeah, FL 33016
Telephone: (305) 607-3907
Facsimile: (786) 540-2558

ANNESSER ARMENTEROS, PLLC
*Attorneys for Plaintiff*
2525 Ponce De Leon Blvd., Suite 625
Coral Gables, FL 33134
Telephone:  786-600-7446
Facsimile:   786-607-3022
jannesser@aa-firm.com
mconkey@aa-firm.com
fulloa@aa-firm.com
natali@aa-firm.com
service@aa-firm.com

By:    *John W. Annesser*            .
John W. Annesser, Esq.
Fla. Bar No. 098233
Megan Conkey Gonzalez, Esq.
Fla. Bar No. 1002944
Fernando Ulloa, Esq.
Fla. Bar. No. 1040679